The Hartford and New Haven Railroad Company *v.* Jackson and another.

## THE HARTFORD AND NEW HAVEN RAILROAD COMPANY *vs.* JACKSON AND ANOTHER.

To constitute a valid contract, the minds of the parties must assent to the same thing, in the same sense.

The defendants applied to the agent of a railroad corporation, to transport fifty thousand laths from M. to H. and enquired the expense of transportation. The latter, having asked how many bundles that quantity would make, a companion of the defendants, to whom they referred the enquiry, replied, five hundred, but said agent understood him to say one hundred, and he thereupon gave the defendant the price of transporting one hundred bundles, as the price of transporting the five hundred bundles, which price the defendants agreed to pay. Held, that the misunderstanding of the agent, in regard to the quantity of laths, prevented that meeting of the minds of the parties, which was essential to a contract between them.

Such corporation having discovered such misunderstanding, and, while they were conscious that the defendants had no knowledge of it, forwarded said laths. Held, in an action brought to recover the price of transportation, at the usual rates, that this circumstance did not preclude the plaintiffs from claiming, on the trial, that such a mistake occurred, but was merely evidence, to be submitted to the jury, of the plaintiffs' assent to the price, as understood by the defendants.

Where, on such trial, the defendants claimed that the transmission of the laths by the plaintiffs constituted, in law, an assent by them to the terms of the contract, as understood by the defendants, and that the plaintiffs were therefore precluded from showing that there was any such mistake, and the court instructed the jury in conformity with such request; it was held, that such instruction was erroneous.

THIS was an action of assumpsit, brought by the Hartford and New Haven Railroad Company, to recover the price of transporting fifty thousand laths from Middletown to Hartford.

On the trial before the county court, at the term holden in November, 1854, it was proved that the defendants applied to the agent of the plaintiffs, at Middletown, to transport from Middletown to Hartford a quantity of laths, and that the defendants asked the agent what would be the freight upon them, upon which that agent asked the defendants what quantity they wished to send. They replied 50,000. He then asked how many bundles that would make. They turned to a com-

panion who was with them, and asked him how many bundles that would make, to which he replied it would be 500 bundles, but the agent understood him to say, one hundred bundles, and gave them accordingly the price of transportation of one hundred bundles. The defendants agreed to pay the price named, and soon after left. During the conversation, they stated to the agent that they wished them sent on immediately, and the agent agreed to send them that day, as far as Berlin, and the next day from Berlin to Hartford.

After the defendants had left the depot, the agent, for the first time, discovered, by the large quantity of laths that arrived, that there was some mistake, between him and the defendants, as to the quantity to be sent, and immediately sent word to the defendants by the teamster, who was carting the laths to the station, to come and see him at once, about it, and that there had been a mistake between them. This message never reached the defendants, as they had left Middletown for Hartford, where they resided, before the teamster got back from the station, and on his return he so informed the agent. The agent, feeling bound by his promise to send the laths that day, made no further effort to communicate with the defendants on the subject, but forwarded the whole quantity of laths, by the next freight train, on the same day to Hartford. The plaintiffs claimed that, in consequence of the entire misunderstanding of the parties, as to the quantity of laths to be transported, there was no contract with regard to the price, but that the plaintiffs were entitled to recover the usual rates of such transportation, without reference to any understanding of either party, which it was admitted was $15, and that, under the circumstances, the sending on of the laths, after the discovery of the error by the plaintiffs, was not an assent to the terms, as understood by the defendants, but was an act of duty, and that forwarding the laths was at most only evidence to be considered by the jury, in connection with all the circumstances of the case, and was not de-

cisive of the question of the plaintiffs having assented there-
by to the defendants' terms. The defendants claimed that,
by sending on said laths, after discovering the mistake of
the parties as to the quantity and price, and while conscious
that the defendants had no knowledge of any such mistake,
the plaintiffs were to be held as having assented to the price,
as understood to have been agreed on by the defendants, and
that they were thereby cut off from all right to claim more
than said price, or to claim that there was any misunder-
standing between the parties.

The parties severally requested the court to charge the
jury in accordance with their respective claims. The court
did not charge the jury in accordance with the claims of the
plaintiffs, but directed the jury upon the point in question as
follows : The law undoubtedly is, that where there is an un-
executed contract, and a mistake has occurred between the
parties, as to some of the terms of the contract, and a party
goes on and does what he has agreed to do, after he has dis-
covered the error, he thereby assents to the terms, as under-
stood by the other party. If the plaintiffs, after they discov-
ered the error, went on and performed the contract, they are
bound to the terms as understood by the other party. If
they sent on the laths, after they discovered the error, they
have no claim on the defendants, unless on the score of
charity to help them bear the loss. Under this direction,
the jury returned a verdict for the defendants.

The plaintiffs thereupon filed a bill of exceptions, and by
motion in error, brought the case before this court.

*Hooker* and *Hawley*, for the plaintiffs.

*Robinson*, for the defendants.

STORRS, J. The misunderstanding, by the plaintiffs, of
the offer which was made by the defendants, in regard to the
quantity of laths, which the latter proposed to have trans-
ported, and which was in form assented to by the former, pre-

The Hartford and New Haven Railroad Company *v.* Jackson and another.

vented that meeting of the minds of the parties, that *aggregatio mentium*, which was essential, in order to constitute a contract between them; and such assent no more bound the plaintiffs, than if the offer had been made by the defendants, in a language which the plaintiffs did not understand, through an interpreter, who had falsely translated its terms. In order to constitute a contract, it is necessary that the parties should assent to it, and, as is well expressed by Mr. Parsons, in his treatise on contracts, p. 399; "they must assent to the same thing in the same sense." (The proposition of one party must be met by an acceptance of the other, which corresponds with it,) which cannot be the case when the proposition is misunderstood by the party to whom it is made. On this point, there does not appear to have been any controversy on the trial. But the defendants claimed that the act of transporting the laths by the plaintiffs, after they discovered the mistake that had occurred in making the contract, and while they were conscious that the defendants had no knowledge of the mistake, constituted, in law, or was conclusive evidence of, an assent by the plaintiffs to the terms of the contract, as understood by the defendants to have been agreed to, and that the plaintiffs were therefore precluded from setting up that there was any such mistake. The plaintiffs insisted that the forwarding of the laths neither constituted, as matter of law, nor was conclusive evidence of, such an assent, but that it was, in connection with all its circumstances, only evidence to be submitted to, and considered by, the jury, on the question whether the plaintiffs assented to the defendants' terms. The court below charged the jury in conformity with the claim of the defendants. In this we think there was error. If, for the present purpose, we concede, as the parties appear to have done on the trial, that there would be no legal objection to the consummation of the contract by the plaintiffs, by an assent, on their part, to the terms offered by the defendants, given after the parties had terminated their negotiation respecting it, and finally

separated, without any further treaty on the subject, we are of opinion that, whether there was such an assent, was from its nature, in this case, a question of fact merely, to be determined by the jury, on all the evidence before them. An assent to an offer, which is requisite to the formation of an agreement, is an act of the mind; and is either express, or evidenced by circumstances, from which such assent may be inferred. In the present case, it was neither proved, nor claimed, that there was any express assent; but certain facts, including the forwarding of the property by the plaintiffs, and the circumstances attending such forwarding, were proved, from which it was proper to reason that an assent was given to the defendants' offer by the plaintiffs; and such reason was to be submitted to the jury, whose province it was to determine their weight. These facts and circumstances, however, were not, as evidence, entitled to any specific, or artificial effect; they were to be considered simply with reference to their natural weight, like ordinary circumstantial testimony. We are aware of no rule of evidence, or principle of policy or justice, which gives them any greater force. The fact that the plaintiffs forwarded the property, if unexplained, would certainly, as evidence, be a strong one on the question of assent; but to hold it to be conclusive on that point might produce great injustice, since it was obviously one which, from its nature, was susceptible of an explanation, which would clearly repel the claim that it was intended to evince such assent. As the judgment complained of must be reversed for the error in the charge below on this point, it is unnecessary to consider any of the other errors assigned.

The superior court is advised that there is error in the judgment complained of.

In this opinion, the other Judges, ELLSWORTH and HINMAN, concurred.