H. PEARCE REAL ESTATE COMPANY, INC. *v.* JEAN E. KAISER

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued December 5, 1978—decision released January 9, 1979

*James F. Early,* for the appellant (plaintiff).

*Robert G. Oliver,* with whom, on the brief, was *Carolyn P. Gould,* for the appellee (defendant).

PER CURIAM. This is an action for specific performance of an oral agreement for the sale of real estate. The plaintiff, H. Pearce Real Estate Company, Inc., alleges that the defendant, Jean E. Kaiser, contracted to convey certain property located in Madison. The defendant demurred to

this complaint on the basis of the Statute of Frauds, and the trial court sustained her demurrer. The plaintiff appeals from the subsequent rendition of judgment for the defendant. The only issue upon this appeal is whether the trial court erred in holding that the plaintiff had failed to set forth in its complaint sufficient acts of part performance so as to avoid the Statute of Frauds.

Contracts that would otherwise be unenforceable without a writing sufficient to comply with the Statute of Frauds, General Statutes § 52-550, are nonetheless enforceable because of part performance if two separate but related criteria are satisfied. First, the contract alleged must satisfy the evidentiary function of the Statute of Frauds. "[T]o constitute part performance the conduct relied upon must be referable to and consistent with the oral agreement." *Andrews* v. *New Britain National Bank,* 113 Conn. 467, 474, 155 A. 838 (1931); *Santoro* v. *Mack,* 108 Conn. 683, 691, 145 A. 273 (1929). Second, the conduct alleged to have been induced by reliance on the oral agreement must be of such character that "repudiation of the contract by the other party would amount to the perpetration of a fraud." *Santoro* v. *Mack,* supra, 690. These criteria have recently been restated to require a showing that "the party seeking enforcement, in reasonable reliance on the contract and on the continuing assent of the party against whom enforcement is sought, has so changed his position that injustice can be avoided only by specific enforcement." Restatement (Second), Contracts § 197 (Tentative Draft No. 4, 1968).

The plaintiff's allegations of part performance in this case are stated in its complaint and in the

exhibit that it incorporates by reference and by attachment. The plaintiff relies upon a conversation of January 11, 1978, a letter confirming that conversation sent by the plaintiff to the defendant on January 16, 1978 (exhibit A), and work done to obtain a survey, specification, plan of development and other engineering services, in conformance with exhibit A, between January and February 2, 1978, when the defendant arranged to sell the land to a third person. Exhibit A is therefore crucial to evaluation of the plaintiff's complaint, and its terms control the propriety of the defendant's demurrer. *Redmond* v. *Matthies*, 149 Conn. 423, 426, 180 A.2d 639 (1962); *Utley* v. *Nolan*, 134 Conn. 376, 377, 58 A.2d 9 (1948).

The trial court determined that exhibit A, the plaintiff's letter describing its understanding of the "consensus" reached at the meeting held January 11, 1978, was "merely an expression of a preliminary or anticipatory act or acts on which to predicate a future contract." We agree. The language of exhibit A is replete with indicia of tentativeness: "we would purchase," "we would go ahead," "we would offer," "we would request," "we would like." Tellingly, the letter concludes: "This is only a preliminary agreement subject to modification to accommodate our mutual interests. The primary purpose is to come to a general agreement so that a contract can be prepared." Further, the letter stipulates that the buyer would pay a $5000 deposit upon accepted agreement, and no such payment is alleged in the plaintiff's complaint. Without allegations of present agreement to contract, oral or otherwise, and without allegations of present assent by the defendant to be bound, the plaintiff has failed to

allege basic requirements of the doctrine of part performance. The demurrer was therefore entirely proper.

There is no error.