[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the above inter-pleader action, the owner of commercial property in Newington and a potential purchaser thereof have filed claims to the deposit funds of $45,000.
On June 21, 1988, the plaintiff and defendants entered into an option agreement (Ex.A) prepared by the plaintiff without benefit of legal counsel. Said option provided in paragraph 7 Title, in pertinent part: "The Premises shall be conveyed absolutely free and clear of all liens, easements and encumbrances. Title is to be of good record title and, if (sic) fact merchantable and insurable by a reputable title insurance company at standard rates . . . ."
On August 17, 1988, counsel for the defendants notified the plaintiff that the property was subject to four easements, and requested plaintiff to remedy them as defects in title. By reply, counsel for the plaintiff responded that the title to the premises was of good record and insurable by a reputable title insurance company at standard rates (Ex.E). See Sec.38a-402 (15) of the General Statutes. In support, the plaintiff offered a loan policy issued on the premises by Commonwealth Land Title Insurance Company (Ex.G). The plaintiff offered evidence that there were no subsequent changes in title. Said policy noted four easements on the premises but provided that the exercise of any rights in any such easement will not interfere with the use and enjoyment of the property nor with the improvements as presently located on the insured premises.
In brief, the plaintiff was willing to provide the title described in the second sentence of Paragraph 7. The defendant demanded title in accordance with the first sentence. The two sentences are in conflict. There was no meeting of the minds as to the quality of title; hence, no contract. The Hartford and New Haven Railroad Company v. Jackson, et al, 24 Conn. 514, 516.
Judgment may enter in favor of the claimant, Newington CT Page 1840 Group, Inc., for return of its deposit after deduction of reasonable counsel fees and disbursements due to the stakeholder. All other requested relief is denied.
BURNS, J.