[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff brings this action to recover on a promisory note of which it is the holder. It is alleged that the maker, a general partnership of which the individual defendants herein are the general partners, has defaulted, and the defendants are responsible for payment as general partners and by virtue of their execution of individual guaranty agreements. The defendant, Galluzzo, defaulted and the defendant, Richard S. CT Page 4305 Whitehouse, filed an answer denying responsibility for full payment and specially pleaded that; (1) the defendants agreed to convey the property secured by the mortgage in full satisfaction of the debt but the plaintiff neglected and refused to finalize it; and (2) any waivers were not voluntarily made. Whitehouse counterclaimed in three counts alleging that; (1) the defendants, maker and plaintiff agreed to have the property securing the note conveyed to the plaintiff in full satisfaction of the debt but the plaintiff remains unwilling to finalize it; (2) the value of said property by the defendant's own appraisal exceeds the value of the debt and the plaintiff's refusal to proceed with the agreement constitutes a breach of the implied covenant of good faith and fair dealing; and (3) the actions of the plaintiff aforesaid constitute an unfair trade practice. The plaintiff denies the special defenses and the grounds of each count of the counterclaim. The plaintiff moved for summary judgment with documents attached and the defendant filed an objection with an affidavit of Whitehouse. Because the file has been mislaid, the parties have submitted the papers essential for this decision.
The defendant admitted in his deposition that he signed the note and the mortgage as a general partner and that he signed the guaranty and that no payment has been made on the note since March, 1991, the April, 1991 payment never being made. The defendant relies on the special defense to avoid the plaintiff's motion for summary judgment on the complaint.
Although the party seeking summary judgment has the burden of showing the non existence of any material fact in issue, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue. The test is whether a party would be, entitled to a directed verdict on the same facts. Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781.
 I
In his first special defense the defendant claims that there was an agreement with the plaintiff to accept a deed of the property secured by the mortgage for full satisfaction of the debt if the plaintiff were satisfied after an appraisal and an environmental study. In his deposition he testified that the agreement was not in writing but claims, as he states in his affidavit, that he relied on the agreement by not making further payments on the note, nor seeking a sale of the property or seeking other financing. The doctrine of past performance requires that the conduct is referable to and consistent with an oral agreement. Montanaro Bros. Builders, Inc. v. Snow, 190 Conn. 481, CT Page 4306 487. Therefore the contract alleged must satisfy the evidentiary function of the Statute of Frauds. H. Pearce Real Estate Co. v. Kaiser, 176 Conn. 442, 443. In the defendant's affidavit he states that "the acceptance of the property was conditioned on an appraisal and environmental study" and in his deposition he testified about a telephone conversation about taking the property back. "We talked about . . . doing the environmental, doing an appraisal, and then discussing it at that point in time. But my understanding was that if it appraised sufficiently, that they would take it back." This language is merely expressions of preliminary acts on which to predicate a future contract. It does not allege present agreement or even present agreement to contract. Id. 444. without an agreement there is no basis for finding that the party seeking enforcement, in reasonable reliance on the contract, has so changed his position that injustice can be avoided. Dunham v. Dunham, 204 Conn. 303, 315.
Even if an agreement could be found, the acts of past performance must be of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute. Ubysz v. DiPietro, 185 Conn. 47, 54. The defendant's inaction to sell or refinance is no different as to the instant property as it was to his other attached properties as he testified in his deposition.
 II
As to the second special defense the defendant in his affidavit states that he was not advised that the loan documents which he signed provided for attachment of his property without first providing notice to him nor was he instructed to review such language. In his deposition he testified that he had been in the property management field for twenty (20) years and had been president of Horizon Management for ten years which company employed eight persons and managed twenty residential buildings. He also testified that he was represented at the loan closing by an attorney. The general rule is that where an adult who can read and write signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to read it. G R Tire Distributors, Inc. v. Allstate Ins. Co.,177 Conn. 58, 61-2. Constitutional rights as to property interests may be waived in civil as well as criminal matters. D.H. Overmyer Co. v. Frick Co., 405 U.S. 174, 185.
 III
The claim made in the first count of the counterclaim parallels that of the first special defense and what has been CT Page 4307 stated there applies here. Since the claims made in the second and third counts of the counterclaim depend on the success of the claim of an agreement in the first count, they fail as the first count fails.
 IV
The defendant challenges the constitutionality of G.S. 52-192a which provides a mandatory addition of twelve per cent annual interest on the total amount recovered by the plaintiff if it is equal to or exceeds an offer of judgment made by the plaintiff which was not accepted by the defendant. Our appellate courts, have ruled on the interpretation of this statute. Gillis v. Gillis, 21 Conn. App. 549, 554, and a trial court should be reluctant to act on the unconstitutionality of a statute unless it is quite apparent. The policy reason for the statute is quite clear. It should encourage fair and reasonable compromise of claims without trial. Id., 554. This court concludes that the arguments of the defendant do not overcome the rationality of the purpose of the statute.
 V
Because both parties reserve their right to present and challenge attorney's fees, it will not be a part of this award.
The unchallenged debt as of March 4, 1992 is $348,766.36 with interest at $66.23 per diem for an award of $352,938.85 as of May 6, 1992 plus punitive interest under G.S. 52-192a which should await the inclusion of any award for attorney's fees.
Therefore, the court grants partial summary judgment in favor of the plaintiff against the defendant in the sum of $352,938.85.
CORRIGAN, J.