[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant has moved to strike the First Count of the complaint, which seeks specific performance of an oral agreement to sell certain premises, on the grounds that the claimed agreement was oral and therefore barred by the Statute of Frauds as set forth in General Statutes 52-550. The First Count of the complaint alleges that, in June of 1984, the parties entered into an oral agreement to purchase the defendant's interest in certain premises located in Stamford for the sum of $6,211.22. The Agreement called for payments in three installments, and the plaintiff alleges that when the final installment was due on November 21, 1988, the sum then due was tendered to the defendant who has refused to quit claim her interest in the premises to the plaintiff. The plaintiff claims that she has performed all acts required of her under the Agreement. In addition, the complaint alleges that the plaintiff has occupied the premises since his agreement was made and is still in possession of the premise, that, in reliance upon the Agreement, the plaintiff sold another unit in the building which she then owned; that she has taken over the cost of all debts CT Page 6175 incurred in connection with the premises including common charges.
In the present case, the plaintiff has alleged more than payment of the purchase price and the payment of taxes to the property. The complaint alleges that the plaintiff has taken possession of the property; paid the common charges on the property; and has sold another unit owned by the plaintiff in reliance upon the Agreement. Accordingly, the complaint alleges sufficient acts on the part of the plaintiff in reliance upon the claimed Agreement to avoid the provisions of Statute of Frauds. Breen v. Phelps, 196 Conn. 86, 94-97 (1982); H. Pearce Real Estate Company, Inc. v. Kaiser, 176 Conn. 442, 443 (1979); Santoro v. Mack, 108 Conn. 691, 692 (1929); Restatement (2nd) Contracts 129.
Accordingly, the Motion to Strike the First Count of the complaint is hereby denied.
RUSH, J.