[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#119)
On May 23, 1994, the plaintiff, Delta Systems and Services, Ltd. (Delta), filed a three count complaint alleging breach of, contract, interference with business expectations and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., respectively, against the defendant, Preferred Health Care Limited (Preferred). The defendant now moves for summary judgment on count one of the complaint. For the reasons stated herein, the defendant's motion for summary judgment is denied.
According to the complaint, on May 28, 1992, Delta, a consulting firm in the business of selling third party contracts in the insurance industry, was advised that the Frank B. Hall Company was being sold and that it wanted to divest itself of one of its holdings, the Adjustco Insurance Company (Adjustco). Delta subsequently obtained the right to represent Adjustco in acquiring new third party administrative business. Under the terms of an oral agreement between Delta and Adjustco, Delta "was to receive ten percent (10%) of the first year's administrative and claim fees CT Page 1201 which were billed during said year and four percent (4%) of the renewals for each year thereafter." Adjustco claimed that it would have a written commission contract delivered once its new owner took over; however, Delta proceeded on the verbal representations of Adjustco in anticipation of receiving a written agreement.
Delta alleges that, pursuant to the agreement, it assisted Adjustco in successfully acquiring the business of the Consumer United Health Insurance Corporation (Consumers), which Adjustco subsequently administered using information supplied by Delta. As a result of administering the Consumers block of business, Adjustco, collected fees, a percentage of which should have been paid to Delta in accordance with the aforementioned agreement. Delta did not receive any commissions from Adjustco and, as a result, commenced this action against Adjustco's successor company, Preferred.
On May 23, 1995, the defendant Preferred filed a motion for summary judgment on count one of the complaint on the ground that the oral contract is unenforceable under Connecticut's statute of frauds, General Statutes § 52-550. The defendant filed a memorandum of law with attachments in support of its motion, and the plaintiff timely filed a memorandum in opposition.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105-06, 639 A.2d 507 (1994). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." CT Page 1202 (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202.
The defendant argues that it is entitled to summary judgment because the plaintiff has admitted that the alleged oral agreement between them constituted a three year contract. As such, the contract would be unenforceable under the Connecticut statute of frauds, General Statutes § 52-550.[1] The plaintiff has not disputed this contention in its brief or at oral argument before this court. ! Rather, the plaintiff argues that because it performed its obligations under the oral agreement, the contract should be taken out of the statute of frauds. See H. Pearce Real Estate Co. v.Kaiser, 176 Conn. 442, 443, 408 A.2d 230 (1979) (holding that contracts which do not comply with the statute of frauds may be enforceable in light of part performance).
The plaintiff, however, has not provided any affidavits or other documentation in support of its opposition to the defendant's motion. Instead, at oral argument, the plaintiff argued that it did not need to provide any supporting documentation in light of the fact that the defendant admitted in its answer that the plaintiff performed its obligations under the agreement. Review of the defendant's answer, however, reflects no admission of performance by the plaintiff or even the fact that a contract existed.
Although the plaintiff's failure to attach any supporting affidavits or documentation may have been inadvisable, viewing the evidence in the light most favorable to the plaintiff and giving it the benefit of all favorable inferences that can be drawn, this court nevertheless concludes that there is a genuine issue of material fact as to whether the plaintiff performed its obligations under the alleged oral contract, thus effectively removing the contract from the operation of the statute of frauds. See Catz v.Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986) (finding a genuine issue of material fact despite the fact that the opposing party failed to file supporting documentation).
Accordingly, the defendant's motion for summary judgment on the first count of the plaintiff's complaint is denied.
BY THE COURT:
STANLEY, J. CT Page 1203