[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The commissioner of transportation (Commissioner) initiated this action against Carl Robert Sayers (Sayers) seeking to enjoin Sayers from trespassing on property belonging to the State of Connecticut, and also seeking money damages.
The Commissioner alleges that in March, 1985, the State, acting through the Commissioner, acquired title to property known as "Parcel 3" on a survey map for the relocation of U.S. Route 7 in Danbury, which map is more particularly described in paragraph one of the complaint. Sayers operates a business known as the Danbury Top Soil Company, which is located at 13 Miry Brook Road in Danbury. The Commissioner alleges that Sayers owns and maintains a foundation and a portion of a structure on his premises that encroaches upon the land acquired by the State in 1985. Accordingly, the Commissioner seeks a permanent injunction and damages for the trespass.
On May 15, 1995, Sayers filed a general denial and two special defenses asserting that the Commissioner's claims are barred by res judicata and estoppel. In addition, Sayers asserted two counterclaims against the Commissioner, the first alleging that the Commissioner breached a contract between it and a woman known as Senta Sayers pursuant to which she would be allowed to retain a portion of a concrete garage (the encroaching structure) in exchange for receiving from the Commissioner less than the full fair market value of the property conveyed to the State. In the second counterclaim, Sayers alleges that the Commissioner was unjustly enriched by failing to pay Senta the full fair market value of the property, as well as for failing to pay for damages incurred by her in restructuring the concrete garage.
The Commissioner has filed a motion to strike Sayers' counterclaims and special defenses on the grounds that: (1) Sayers impermissibly seeks to adjudicate the rights of another CT Page 5118-R person not a party to the action, namely, Senta Sayers; (2) the counterclaims are not in compliance with Practice Book § 190 or Sec. 52-118 of the General Statutes; (3) the counterclaims are barred by the statute of limitations; (4) the counterclaims are barred by the statute of frauds; (5) the special defense of res judicata is inapplicable because the issues were not raised in the prior action[1] (a condemnation appeal); and (6) the special defense of estoppel is legally insufficient because the facts on which such a defense is based have not been alleged.
Although a motion to strike is generally used to test the legal sufficiency of the allegations of a complaint, Practice Book § 152(1), that remedy is also available to test the allegations of any counterclaim or cross claim. See Dutra v.Longobardi, Superior Court, judicial district of New Haven at New Haven, Docket No. 350425 (January 5, 1995, Hadden, J.) (striking a portion of defendant's counterclaim for failing to seek affirmative relief).
"The motion to strike . . . admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142. Further, on a motion to strike, "[t]he court must construe the facts in the . . . [pleading] most favorably to the . . . [pleader]." Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170. On a motion to strike, "[t]he trial court . . . [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536.
The counterclaims are legally sufficient for the following reasons. First, Sayers is not, as the Commissioner alleges, attempting to assert a cause of action belonging to another because in his counterclaims, Sayers alleges that he was a party
to the alleged agreement regarding the concrete structure. Since the allegations of the challenged pleading must be taken as true when evaluating a motion to strike; Gordon v. Bridgeport HousingAuthority, supra; and Sayers alleges that he was a party to the contract, it follows that Sayers is attempting to assert his own
causes of action for breach of contract and unjust enrichment, respectively. Since Sayers is not attempting to assert a cause of action belonging to someone else, the Commissioner's arguments with regard to Practice Book § 190 and Sec. 52-118 of the General Statutes are unavailing. CT Page 5118-S
Second, the Commissioner may not raise the defense of statute of limitations in a motion to strike. "A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbesv. Ballaro, 31 Conn. App. 235, 239. See also Practice Book § 164.[2]
Finally, the Commissioner's argument that Sayers' counterclaims are barred by the statute of frauds must also fail. Preliminarily, it is noted that "[c]ourts permit the Statute of Frauds to be raised by a motion to strike when the alleged agreement falls squarely within those categories . . . required by the statute to be in writing." Boccuzzi v. Murphy, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 112957 (September 12, 1991, Karazin, J.).
There are however, exceptions to the statute of frauds by which contracts that would not normally be enforceable due to the lack of compliance with the statute may nevertheless be enforceable. H. Pearce Real Estate Co. v. Kaiser, 176 Conn. 442,443. One of these exceptions is the doctrine of part performance; see Ubysz v. DiPietro, 185 Conn. 47, 54; another is when an oral promise is made in open court. See The Color Design Exchange,Inc. v. Standish, 3 Conn.L.Rptr. 445, 446 (April 18, 1991, Satter, J.). Reading the allegations of the counterclaims in the light most favorable to sustaining their legal sufficiency, the court is constrained to deny the Commissioner's motion to strike the counterclaims since Sayers has set forth a prima facie claim of breach of contract. He is not required to affirmatively plead the applicability of an exception to the statute of frauds in his complaint. If the Commissioner believes that the statute of frauds bars Sayers' claim, he should raise such a defense at trial, at which time Sayers will have the opportunity to litigate whether an exception applies.[3] Accordingly, the motion to strike the counterclaims on the ground of the statute of frauds is denied. The counterclaims clearly survive the motion in their entirety.
The Commissioner next argues that Sayers' special defenses of res judicata and estoppel are legally insufficient and should be stricken, as there are insufficient facts pleaded on which to base the special defenses. Sayers' first special defense states, in its entirety: "[t]he Plaintiff's claim is barred under the theory of res judicata." However, nowhere in the pleadings is there a reference to any kind of judicial or administrative CT Page 5118-T proceeding or finding to which the doctrine of res judicata would be applicable. As noted in footnote 2 above, Sayers makes reference in his memorandum in opposition to an administrative proceeding concerning what he calls the "eminent domain appeal"; however, since there are no facts in the pleadings regarding such a proceeding, the court is unable to consider those statements on this motion to strike.
Sayers' second special defense is also stricken, since it too refers to facts outside of the pleadings. The second special defense alleges that the action is barred on the grounds of estoppel, and there are insufficient facts on which the court can conclude, as a matter of law, that the Commissioner is estopped from asserting the claims set forth in his complaint.
In conclusion, the motion to strike is, accordingly, denied as to the counterclaims and granted as to the special defenses.
Moraghan, J.