[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case came before this court on the defendant's Application to Discharge a Notice of Lis Pendens on property known as 12 Cove Street in Old Saybrook.
Pursuant to Connecticut General Statutes § 52-325b, the plaintiffs have the burden of establishing probable cause as to the claims stated in their Second Revised Complaint. The plaintiffs claim in that complaint that the defendant, Essex Savings Bank, agreed to sell 12 Cove Street to them and that it has refused to do so, in breach of the alleged agreement. The plaintiffs also claim unjust enrichment of the defendant from CT Page 9152 improvements the plaintiffs claim to have made to the property while occupying it.
At an evidentiary hearing, the only witness called by the plaintiffs was Michael Groat. He testified that he had moved into the residence at 12 Cove Street with the permission of the defendant bank's property manager, that he was asked to pay two hundred dollars a month for occupying the premises, which were the subject of a foreclosure action, and that he and his wife cleaned and repaired the premises. The plaintiffs had, on previous occasions, occupied the bank's foreclosed premises for periods of time. The plaintiffs presented no written contract between them and the bank concerning sale of the property. They claim that the bank orally agreed to sell the premises to them after resolution of the foreclosure action. Michael Groat testified that he had made an offer in the amount of seventy thousand dollars to the bank through its property manager, that the bank rejected the offer, and that no agreement as to price was ever reached between the plaintiffs and the bank.
Under established principles of contract law, an agreement must be definite and certain as to its crucial terms and requirements. Augeri v. C.F. Wooding Co., 173 Conn. 426, 430
(1977); Hartford New Haven R. Co., v. Jackson, 24 Conn. 514; Corbin Contracts (3d Ed.) § 95.
At most, the plaintiffs established that the bank had agreed to negotiate with them concerning a possible sale after the foreclosure proceeding was concluded. The plaintiffs did not present facts that would support a finding that there was any actual agreement to sell the property for a particular price. While partial performance in the part of the party whose obligations under an agreement are vague may supply sufficient evidence to prove the existence of an agreement, see Augeri v.C.F. Wooding Co., 173 Conn. 429, the missing term in the case before this court is both the plaintiffs' obligation and the purported seller's. The plaintiffs have simply failed to demonstrate that they can probably establish that a sufficiently definite agreement existed. As the Supreme Court stated in H.Pearce Real Estate Co., v. Kaiser, 176 Conn. 442, 444 (1979), without a present agreement to contract, and without assent by the defendant to be bound, a plaintiff has failed to establish an agreement. Where the evidence does not support the existence of an oral agreement, the court has no occasion to consider whether the agreement should be enforced despite the Statute of Frauds, CT Page 9153 because of partial performance.
Plaintiff Michael Groat testified that he had made improvements to the property while living in it; he did not testify that he did so in fulfillment of an agreement between himself and the bank by which the bank had actually agreed to sell him the property for an agreed sum.
The plaintiffs' hopes or expectation concerning future negotiations with the bank did not give rise to an enforceable contract merely because the plaintiffs performed work on the premises where they were living. Their claim for unjust enrichment, set forth in the Second Count of their Complaint, is not "intended to affect real property" and therefore would not support a lis pendens pursuant to Connecticut General Statutes § 52-325.
CONCLUSION
The defendant's Application for Discharge of Lis Pendens is granted, the plaintiffs having failed to establish probable cause that they will prevail in an action intended to affect real property.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT