# PATRICIA GIACALONE *v.* HOUSING AUTHORITY OF THE TOWN OF WALLINGFORD
## (AC 30777)

Flynn, C. J., and Bishop and Robinson, Js.*

Argued January 13—officially released June 22, 2010

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Marc J. Ubaldi*, for the appellant (plaintiff).

*Michael F. O'Connor*, with whom, on the brief, was *Scott R. Ouellette*, for the appellee (defendant).

*Opinion*

FLYNN, C. J. The plaintiff, Patricia Giacalone, appeals from the judgment of the trial court, rendered after it struck her negligence complaint in its entirety, in favor of the defendant, the housing authority of the town of Wallingford. On appeal, the plaintiff claims that the court incorrectly concluded that she did not have a viable cause of action in negligence against the defendant landlord because it was not the owner or keeper of the dog that bit her. In light of our Supreme Court's decision in *Auster* v. *Norwalk United Methodist Church*, 286 Conn. 152, 943 A.2d 391 (2008), we conclude, on limited grounds that parallel *Auster*, that a common-law negligence claim brought against a landlord in a dog bite case should not be stricken as insufficient merely because the landlord was not alleged to be the owner or keeper of the dog. Accordingly, we reverse the judgment of the trial court.

The plaintiff pleaded the following facts, which, for purposes of assessing the propriety of the court's granting of the motion of strike, we must accept as true. See *Craig* v. *Driscoll*, 64 Conn. App. 699, 702, 781 A.2d 440 (2001), aff'd, 262 Conn. 312, 813 A.2d 1003 (2003). The plaintiff was a tenant of the defendant, and she resided at 44 Louis Circle. Elizabeth Lopes and Edson Lopes also were tenants of the defendant, residing at 14 Temper Drive. The Lopeses had a lease with the defendant that prohibited them from having dogs unless the defendant specifically gave them permission. Without the defendant's permission, despite the prohibition in their

lease, the Lopeses had a pit bull dog named Gemini. The defendant knew of Gemini's existence on the premises and that Gemini was a dangerous and aggressive dog. In or before 2005, the defendant had ordered, in writing, that the Lopeses remove Gemini from their rental unit, but the defendant never followed up on its written order. On July 18, 2007, the plaintiff was bitten by Gemini at or near 14 Temper Drive, and she sustained injuries to her left hand and left leg, including scarring. The plaintiff also suffered emotional injuries and financial harm, including medical expenses, impaired earning capacity and impairment of daily activities and enjoyment of life.

On April 9, 2008, the plaintiff filed a single count complaint alleging common-law negligence against the defendant landlord. On May 14, 2008, the defendant filed a motion to strike the complaint on the ground that it was "legally insufficient because it fail[ed] to plead the necessary elements for a cause of action of common law negligence for a dog bite." Specifically, the defendant claimed that there was no cause of action for negligence against a landlord for a dog bite incident when the landlord did not own or keep the dog. Although the court recognized that in *Auster* v. *Norwalk United Methodist Church*, supra, 286 Conn. 152, our Supreme Court implied that such a cause of action might be viable against a landlord who was not the owner or keeper of the dog, the trial court granted the defendant's motion to strike, concluding that *Auster* was limited to its facts. This appeal followed.

On appeal, the plaintiff claims that the court improperly granted the defendant's motion to strike. She argues that the landlord here may be held liable for negligence because the case is similar to a premises liability case, where the landlord has control of the property and knows of a dangerous condition thereon, but fails to correct it. The defendant argues that the

court properly granted its motion to strike because the complaint did not allege that the landlord had "control or dominion over the subject dog, Gemini." We conclude that the court improperly granted the motion to strike.

"The standard of review in an appeal from the granting of a motion to strike is well established. Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review . . . is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . [A] motion to strike is essentially a procedural motion that focuses solely on the pleadings. . . . It is, therefore, improper for the court to consider material outside of the pleading that is being challenged by the motion." (Citation omitted; internal quotation marks omitted.) *Dlugokecki* v. *Vieira*, 98 Conn. App. 252, 256, 907 A.2d 1269, cert. denied, 280 Conn. 951, 912 A.2d 483 (2006).

In *Auster* v. *Norwalk United Methodist Church*, supra, 286 Conn. 154–55, the plaintiff had filed a statutory negligence claim under the dog bite statute, General Statutes § 22-357,[1] as well as a common-law

---

[1] General Statutes § 22-357 provides: "If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. If a minor, on whose behalf an action under this section is brought, was under seven years of age at the time the damage was done, it shall be presumed that such minor was not committing a trespass or other tort, or teasing, tormenting or abusing such dog, and the burden of proof thereof shall be upon the defendant in such action."

negligence action against the defendant church. The defendant's property consisted of a church building, a parish house and an education building. Id., 154. Pedro Salinas was a church employee who lived in an apartment in the parish house. Id. Salinas owned a mixed breed pit bull dog that, several years earlier, had attacked another church employee. Id. Because of that attack, the church ordered Salinas to keep the dog chained in a stairwell and to not let it roam free. Id., 154–55. When the plaintiff arrived at the parish house for a meeting, the front door was locked, so she went around the back and into the stairwell leading to Salinas' apartment where she encountered the dog. Id., 155. The dog bit the plaintiff. Id.

After a trial, the jury found in favor of the plaintiff on her statutory negligence claim and, on that basis, in accordance with the instructions of the court, did not consider the common-law negligence claim. Id., 155. On appeal, the Appellate Court reversed the judgment of the trial court on the ground that the church was not the owner or keeper of the dog and, therefore, it could not be liable under § 22-357. *Auster* v. *Norwalk United Methodist Church*, 94 Conn. App. 617, 623, 624, 894 A.2d 329 (2006), aff'd, 286 Conn. 152, 943 A.2d 391 (2008). The Appellate Court then remanded the case for a new trial on the second count, a common-law negligence claim, without any discussion as to the viability of such a claim. Id., 624. After granting the plaintiff's petition for certification to appeal from the Appellate Court judgment, the Supreme Court affirmed that decision, and it specifically held: "Accordingly, we agree with the Appellate Court that the plaintiff failed to establish that the defendant was a keeper of the dog. This is not to say, of course, that the defendant may not have been negligent in failing to take reasonable precautions to protect against the attack that occurred in the present case, particularly in view of the fact that

Salinas' dog previously had bitten a church employee. We conclude only that the evidence was insufficient to hold the defendant strictly liable to the plaintiff as a keeper of the dog under § 22-357. On retrial, the plaintiff will have the opportunity to establish her common-law negligence claim against the defendant." *Auster* v. *Norwalk United Methodist Church*, supra, 286 Conn. 164–65.

A number of other jurisdictions also have considered whether to permit a common-law cause of action in a dog bite case against a landlord who is not the owner or keeper of the dog. See annot., "Landlord's Liability to Third Person for Injury Resulting From Attack on Leased Premises by Dangerous or Vicious Animal Kept by Tenant," 87 A.L.R.4th 1004 (1991). These jurisdictions, more often than not, have recognized such a cause of action against the landlord. See id. Several states having strict liability dog bite statutes for claims against the owner or keeper of a dog also have permitted an injured party to sue the landlord under a common-law negligence theory when the landlord did not own or keep the dog. See, e.g., *Gentle* v. *Pine Valley Apartments*, 631 So. 2d 928 (Ala. 1994); *Noble* v. *Yorke*, 490 So. 2d 29 (Fla. 1986); *Fouts* v. *Mason*, 592 N.W.2d 33 (Iowa 1999); *Nutt* v. *Florio*, 75 Mass. App. 482, 914 N.E.2d 963, review denied sub nom. *Nutt* v. *Keane*, 455 Mass. 1106, 918 N.E.2d 91 (2009). In light of our Supreme Court's decision in *Auster*, we conclude that such a cause of action also may be viable in Connecticut.

Although the court in the present case concluded that *Auster* was limited to its facts, we can discern no such limitation in its language. We recognize that the court here was faced with years of common law in which such a cause of action properly could not be maintained, and, on this basis, it read *Auster* very narrowly. We are aware of no Connecticut appellate case law prior to *Auster* that recognized a cause of action

against a landlord in such a circumstance. We conclude, however, that our Supreme Court opened the door in *Auster* and that it did not set forth such a narrow ruling. In *Auster*, our Supreme Court remanded the case for a new trial to give the plaintiff "the opportunity to establish her common-law negligence claim against the defendant." *Auster* v. *Norwalk United Methodist Church*, supra, 286 Conn. 165. If such an action would not lie as a matter of law, we can discern no reason why the court would have remanded for a new trial on that claim. Accordingly, we conclude that the court in this case improperly granted the defendant's motion to strike.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.