******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RED BUFF RITA, INC., ET AL. *v.* MANUEL
MOUTINHO ET AL.
(AC 35705)

DiPentima, C. J., and Alvord and Keller, Js.

*Argued April 23—officially released July 15, 2014*

(Appeal from Superior Court, judicial district of
Waterbury, Complex Litigation Docket, Shaban, J.)

*Jonathan J. Klein*, with whom, on the brief, were
*John R. Bryk* and *William J. Varese*, for the appel-
lants (plaintiffs).

*James R. Winkel*, with whom, on the brief, was *James
M. Nugent*, for the appellees (defendants).

*Opinion*

DiPENTIMA, C. J. The dispositive issue in this case is whether the trial court properly determined that the complaint did not allege sufficient facts to overcome the application of the statute of frauds. After reviewing the complaint, we conclude that the court improperly struck the counts of breach of contract and fraud and misrepresentation.

The plaintiffs, Red Buff Rita, Inc., and Gus Curcio, appeal from the judgment of the trial court granting the motion to strike their three count complaint filed against the defendant, Manuel Moutinho.[1] On appeal, the plaintiffs generally argue that the court did not construe the operative complaint in the manner most favorable to sustaining its sufficiency.[2] Specifically, the plaintiffs contend that the court failed to construe the complaint in the manner most favorable to the pleader with respect to their factual allegation of part performance of an oral forbearance agreement to make inapplicable the statute of frauds, General Statutes § 52-550. We agree with the plaintiffs and reverse in part the judgment of the trial court.

Because of the procedural posture of this case, we accept as true the facts alleged in the plaintiffs' operative complaint. See *Craig* v. *Driscoll*, 64 Conn. App. 699, 702, 781 A.2d 440 (2001), aff'd, 262 Conn. 312, 813 A.2d 1003 (2003). The defendant, individually and as trustee for the Mark IV Construction Company, Inc., 401 (K) Savings Plan, claimed to be the owner and holder of fourteen notes and related mortgages owed by various entities. The defendant possessed the authority to negotiate the terms of these notes and mortgages, to decide which loans would be made and the terms of each loan, to determine the source of funds that would be used for each loan, to collect all the payments made toward the notes and mortgages and determine the allocation of payments, negotiate modifications of these notes and mortgages, and to decide whether to initiate collections actions or foreclosure proceedings.

On various dates prior to December 30, 2008, Curcio had guaranteed some or all of the fourteen notes and mortgages. Prior to December 30, 2008, the parties entered into an oral agreement whereby the defendant agreed to modify and extend the terms and payment dates of these notes and mortgages (forbearance agreement). The plaintiffs executed a promissory note in favor of the defendant, secured by a mortgage, dated December 30, 2008, on property known as 10 Fifth Avenue in Stratford. Curcio signed a guarantee for this note on the same date. The defendant failed to fulfill his obligations under the forbearance agreement and commenced foreclosure actions against some of the fourteen properties. The plaintiffs then instituted this action with a three count complaint against the defendant for

breach of contract, fraud and misrepresentation, and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.

Pursuant to Practice Book § 10-39, the defendant filed a motion to strike the entirety of the plaintiffs' complaint. Specifically, he claimed that counts one and two violated the statute of frauds and count three failed to state a valid cause of action for a CUTPA violation because no facts were pleaded to support the legal conclusion contained therein. The plaintiffs filed an objection, stating, inter alia, that counts one and two were not barred by the statute of frauds because of the doctrine of part performance.

On November 8, 2012, the court issued a written order granting the defendant's motion to strike. The court concluded that the first two counts of the plaintiffs' operative complaint were barred by the statute of frauds. The court stated: "The allegations of the plaintiffs' complaint clearly concern real property or an interest in it. Each of the mortgages and notes referenced . . . exceeded a value of [$50,000]. In *Saunders* v. *Stigers*, [62 Conn. App. 138, 143, 773 A.2d 971 (2001)] the Appellate Court approvingly noted the language used by the trial court wherein it referenced that the statute of frauds requires any modification to the note and mortgage to be in writing. Here, the forbearance agreement referred to in the plaintiffs' complaint was the modification of the note[s] and mortgage[s]. As such, and given that the loan was in excess of [$50,000], the statute of frauds was applicable." (Internal quotation marks omitted.) The court also struck the CUTPA count.[3] On February 7, 2013, the defendant moved for judgment pursuant to Practice Book § 10-44, and noted that the plaintiffs had not filed a substitute pleading. On April 30, 2013, the court granted this motion. This appeal followed.

We begin by setting forth the relevant legal principles applicable to this appeal. "The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *Bernhard-Thomas Building Systems, LLC* v. *Dunican*, 286 Conn. 548, 552–53, 944 A.2d 329 (2008); see also *Giacalone* v. *Housing Authority*, 122 Conn. App. 120, 123, 998 A.2d 222 (2010), aff'd, 306 Conn. 399, 51 A.3d 352 (2012); *Tallman* v. *Gawel*, 11 Conn. App. 801, 802, 526 A.2d 535 (1987) (trial court properly granted motion to stike on basis that documents in question did not satisfy statute of frauds); *Kasper* v. *Anderson*, 5 Conn. App.

358, 362, 498 A.2d 132 (same), cert. denied, 197 Conn. 818, 501 A.2d 388 (1985).

Under the doctrine of the statute of frauds, certain contracts are not enforceable. Section 52-550 (a) provides: "No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: (1) Upon any agreement to charge any executor or administrator, upon a special promise to answer damages out of his own property; (2) against any person upon any special promise to answer for the debt, default or miscarriage of another; (3) upon any agreement made upon consideration of marriage; (4) upon any agreement for the sale of real property or any interest in or concerning real property; (5) upon any agreement that is not to be performed within one year from the making thereof; or (6) upon any agreement for a loan in an amount which exceeds fifty thousand dollars." The purpose of this statute is to provide reliable evidence of the existence and the terms of the contract. *Reid & Riege, P.C.* v. *Bulakites*, 132 Conn. App. 209, 217, 31 A.3d 406 (2011), cert. denied, 303 Conn. 926, 35 A.3d 1076 (2012).

The doctrine of part performance, however, is an exception to the statute of frauds. *Milazzo* v. *Schwartz*, 44 Conn. App. 402, 406, 690 A.2d 401, cert. denied, 240 Conn. 926, 692 A.2d 1282 (1997). This doctrine originated to prevent the statute of frauds from "becoming an engine of fraud." (Internal quotation marks omitted.) *Ubysz* v. *DiPietro*, 185 Conn. 47, 54, 440 A.2d 830 (1981). In *Glazer* v. *Dress Barn, Inc.*, 274 Conn 33, 59–63, 873 A.2d 929 (2005), our Supreme Court clarified and explained the circumstances in which a contract may be enforced despite its noncompliance with the statute of frauds. It also concluded that part performance and equitable estoppel are not separate and independent exceptions to the statute of frauds, but, rather, that part performance is an essential element of the estoppel exception to the statute of frauds. Id., 60–63; see also *SS-II, LLC* v. *Bridge Street Associates*, 293 Conn. 287, 294–95, 977 A.2d 189 (2009). "[T]he elements required for part performance are: (1) statements, acts or omissions that lead a party to act to his detriment in reliance on the contract; (2) knowledge or assent to the party's actions in reliance on the contract; and (3) acts that unmistakably point to the contract. . . . Under this test, two separate but related criteria are met that warrant precluding a party from asserting the statute of frauds. . . . First, part performance satisfies the evidentiary function of the statute of frauds by providing proof of the contract itself. . . . Second, the inducement of reliance on the oral agreement implicates the equitable principle underlying estoppel because repudiation of the contract by the other party would amount to the perpetration of a fraud." (Citations omitted; internal quotation marks omitted.) *Glazer* v. *Dress Barn, Inc.*,

supra, 62–63; *Blackwell* v. *Mahmood*, 120 Conn. App. 690, 696–97, 992 A.2d 1219 (2010); see also *H. Pearce Real Estate Co.* v. *Kaiser*, 176 Conn. 442, 443, 408 A.2d 230 (1979).

In the present case, the plaintiffs alleged that they fulfilled all of their obligations under the forbearance agreement. Specifically, they assert that Red Buff Rita, Inc., executed and delivered the note and mortgage on 10 Fifth Avenue in Stratford, and that Curcio executed a guarantee for that note and mortgage. These allegations support application of the doctrine of part performance, which would remove the forbearance agreement from the statute of frauds. See *Glazer* v. *Dress Barn, Inc.*, supra, 274 Conn. 65–72; *Blackwell* v. *Mahmood*, supra, 120 Conn. App. 695–99; see also *Harley* v. *Indian Spring Land Co.*, 123 Conn. App. 800, 829–30, 3 A.3d 992 (2010); cf. *H. Pearce Real Estate Co.* v. *Kaiser*, supra, 176 Conn. 444–45 (plaintiff failed to allege basic requirements of part performance where there were no allegations of agreement to oral contract and assent by defendant to be bound).

This result is consistent with our Supreme Court's decision in *Breen* v. *Phelps*, 186 Conn. 86, 439 A.2d 1066 (1982). In that case, the plaintiff filed a complaint seeking specific performance of an agreement to sell real estate. Id., 87. The defendant successfully moved to strike this count on the basis that the writing memorializing the agreement did not comply with the statute of frauds and that the allegations in the complaint were insufficient to support the application of the part performance doctrine. Id. The issue for our Supreme Court was "whether the facts provable within the framework of the complaint, giving its allegations a construction as favorable to the plaintiff as reasonable, would bring his case within [the] principles [of the part performance doctrine]." Id., 94. It concluded that the allegations in the complaint, particularly that renovations in the amount of $6300 had been done, sufficiently removed the matter from the statute of frauds. Id., 94–97.

Similarly, here, the plaintiffs alleged that they fulfilled their obligations under the forbearance agreement by executing and delivering the note and mortgage and executing the guarantee. These allegations were sufficient to bring the case within the principles of the part performance doctrine to preclude the application of the statute of frauds. We conclude, therefore, that the court improperly granted the motion to strike.

We briefly respond to two arguments raised by the defendant. First, he argues that the first and second counts in the complaint failed to set forth all of the elements of the respective causes of actions pleaded therein. The defendant did not present this argument to the trial court and raised it for the first time on appeal. Our Supreme Court has stated that "[o]nly in [the] most exceptional circumstances can and will this

court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court. . . . This rule applies equally to alternate grounds for affirmance." (Citation omitted; internal quotation marks omitted.) *New Haven* v. *Bonner*, 272 Conn. 489, 498, 863 A.2d 680 (2005); see also *Vine* v. *Zoning Board of Appeals*, 281 Conn. 553, 568, 916 A.2d 5 (2007) (alternate ground for affirmance ordinarily must be raised in trial court in order to be considered on appeal). Additionally, we note that the defendant failed to comply with Practice Book § 63-4 (a) (1) (A).[4] Thus, we decline to consider this argument.

We now turn to the second argument raised by the defendant. After filing his brief but prior to oral argument, the defendant notified this court that judgment had been rendered in *Moutinho* v. *Red Buff Rita, Inc.*, Superior Court, judicial district of Waterbury, Docket No. CV-11-6013990-S (December 17, 2013). The defendant stated that the plaintiffs' claim in the present case was the same as that rejected by the trial court in *Moutinho* v. *Red Buff Rita, Inc.*, supra. Therefore, the defendant asserts that the doctrines of collateral estoppel and res judicata apply, and therefore this appeal is moot. We disagree.

Conceptually, collateral estoppel and res judicata are separate and distinct from mootness. *Wilcox* v. *Webster Ins., Inc.*, 294 Conn. 206, 222–23, 982 A.2d 1053 (2009). "Collateral estoppel is an affirmative defense that may be waived if not properly pleaded. E.g., *Carnese* v. *Middleton*, 27 Conn. App. 530, 537, 608 A.2d 700 (1992) ([c]ollateral estoppel, like res judicata, must be specifically pleaded by a defendant as an affirmative defense); see also *Sydoriak* v. *Zoning Board of Appeals*, 90 Conn. App. 649, 657, 879 A.2d 494 (2005) (collateral estoppel claim deemed waived due to failure to plead it as special defense); cf. Practice Book § 10-50 (res judicata must be specially pleaded as defense). Mootness, on the other hand, is a justiciability doctrine that implicates this court's subject matter jurisdiction; see, e.g., *State* v. *Preston*, 286 Conn. [367, 373, 944 A.2d 276 (2008)]; and, thus, cannot be waived and can be raised at any time. See, e.g., *Burton* v. *Commissioner of Environmental Protection*, [291 Conn. 789, 802, 970 A.2d 640 (2009)] ([t]he requirement of subject matter jurisdiction cannot be waived . . . and can be raised at any stage of the proceedings . . .). Unlike mootness, the doctrine of collateral estoppel does not implicate a court's subject matter jurisdiction. . . . Even when applicable, therefore, collateral estoppel does not mandate dismissal of a case." (Internal quotation marks omitted.) *Wilcox* v. *Webster Ins., Inc.*, supra, 222–23.

Even if the claim regarding the forbearance agreement is collaterally estopped,[5] that does not mandate a dismissal of this appeal. Id., 223. Further proceedings before the trial court would be necessary for a

determination of the applicability of collateral estoppel or res judicata. For these reasons, our decision affords the plaintiff practical relief, and, therefore, the appeal is not moot. See *We The People of Connecticut, Inc.* v. *Malloy*, 150 Conn. App. 576, 581,      A.3d      (2014).

The judgment is reversed as to the breach of contract and fraud and misrepresentation counts and the case is remanded for the further proceedings on those counts in accordance with this opinion. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] This action was brought against Manuel Moutinho in his individual capacity and as trustee for Mark IV Construction Company, Inc., 401 (K) Savings Plan. For convenience, we refer in this opinion to Manuel Moutinho in his individual capacity as the defendant.

[2] The second count of the plaintiffs' complaint, which alleged fraud and misrepresentation, incorporated nine of the ten paragraphs of count one, which alleged breach of contract. It then alleged that the defendant made a representation to modify and extend the payment dates of the notes and mortgages with the intent to mislead and induce the plaintiffs to act to their detriment. It further alleged that the note, mortgage and guarantee made pursuant to the parties' oral agreement were null and void due to fraud and misrepresentation.

[3] The plaintiffs do not challenge the striking of the CUTPA count in this appeal.

[4] Practice Book § 63-4 (a) (1) provides in relevant part: "If any appellee wishes: to (A) present for review alternative grounds upon which the judgment may be affirmed . . . that appellee shall file a preliminary statement of issues within twenty days from the filing of the appellant's preliminary statement of the issues. . . ."

[5] An appeal has been filed in *Moutinho* v. *Red Buff Rita, Inc*, supra, Superior Court, Docket No. CV-11-6013990-S.