******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# ANNETTE AFONSO *v.* ISAIAH TORRES
## (AC 47580)

Cradle, C. J., and Westbrook and Wilson, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment for the defendant after the granting of his motion for summary judgment with respect to the plaintiff's claims asserted pursuant to the dog bite statute (§ 22-357) and common-law negligence. The plaintiff claimed, inter alia, that the court improperly rendered summary judgment despite the existence of genuine issues of material fact as to whether the defendant was the keeper of the dog in question as required for liability under § 22-357. *Held*:

The trial court properly rendered summary judgment for the defendant with respect to the plaintiff's claim pursuant to § 22-357 because there was no genuine issue of material fact regarding the defendant's status as the keeper of the dog, as the defendant's limited actions of bringing the dog outside and securing the dog to his leash, at the request of the dog's owner who was present on the property at the time, did not establish that the defendant exercised control over the dog in a manner similar to that which would ordinarily be exerted by the owner.

The trial court properly rendered summary judgment for the defendant with respect to the plaintiff's common-law negligence claim, or with respect to a premises liability claim if her allegations were so construed, because the plaintiff could not prevail on her claim that the defendant owed her a duty of care, as the defendant was not liable for injuries that were inflicted by a dog that was not owned or kept by him and that occurred on a public street.

Argued October 10, 2025—officially released April 14, 2026

*Procedural History*

Action to recover damages for, inter alia, the defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Waterbury, where the court, *Parkinson, J.*, granted the defendant's motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed*.

*Brendan K. Nelligan*, for the appellant (plaintiff).

*Ashley A. Noel*, for the appellee (defendant).

*Opinion*

WILSON, J. The plaintiff, Annette Afonso, appeals from the judgment of the trial court granting the motion for summary judgment filed by the defendant, Isaiah Torres, in this action asserting claims pursuant to General Statutes § 22-357, commonly known as the dog bite statute, and common-law negligence. On appeal, the plaintiff claims that the trial court erred in concluding that a genuine issue of material fact did not exist with respect to whether, as to the statutory claim, the defendant was the keeper of the dog in question and whether, as to the negligence claim, the defendant did not owe a duty of care to the plaintiff. We affirm the judgment of the trial court.

The following undisputed facts, viewed in the light most favorable to the plaintiff, and procedural history, are necessary for our resolution of this appeal. The defendant owned property located at 30 Emilie Avenue in Oakville. On March 19, 2021, the defendant's mother and her dog, Sticky, a pit bull, were visiting the defendant at the Emilie Avenue property. On that date, the plaintiff was lawfully walking on Emilie Avenue when she was attacked by Sticky in the street in front of the defendant's home.[1] The defendant did not own Sticky. Prior to the incident, at the request of his mother, the defendant had let Sticky outside and secured Sticky's collar to a tether on the deck at the side of the house.[2]

In August, 2021, the plaintiff commenced the present action seeking damages as a result of the injuries she sustained in the incident. In count one, the plaintiff alleged that the defendant "owned, kept, harbored, and/ or controlled" Sticky and, therefore, was liable pursuant to § 22-357.[3] In count two, the plaintiff alleged that her

---

[1] The parties do not dispute that the dog that bit the plaintiff was Sticky.

[2] The defendant also let another dog, a twelve pound chihuahua named Chicco, outside.

[3] General Statutes § 22-357 (b) provides in relevant part: "If any dog does any damage to either the body or property of any person, the owner, keeper, or both, shall be liable for the amount of such damage, except

injuries were caused by the negligence and carelessness of the defendant in several enumerated ways.[4] On February 2, 2022, the defendant filed an answer in which he denied that he "owned, kept, harbored, and/or controlled" Sticky as alleged in count one and the allegations of negligence in count two.

On May 17, 2023, the defendant filed a motion for summary judgment with an accompanying memorandum of law. As to count one, the defendant argued that he was entitled to judgment as a matter of law because a genuine issue of material fact did not exist regarding whether he was the owner or keeper of Sticky under § 22-357. As to count two, the defendant argued that, under the facts of this case, he owed no duty of care to the plaintiff. The defendant attached his own affidavit to the memorandum of law. In this affidavit, the defendant averred that, on the date of the incident, he was not the owner of Sticky, "was not responsible for maintaining and/or controlling" Sticky, and "was not feeding, giving water to, exercising, sheltering and/or otherwise caring for" Sticky in substitution for that which would ordinarily be exerted by the owner in possession of Sticky. The defendant further averred that, on the date of the incident, he

when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. . . ."

Although § 22-357 (b) was the subject of an amendment in 2024; see Public Acts 2024, No. 24-108, § 40; that amendment has no bearing on this appeal. For simplicity, we refer to the current revision of the statute.

[4] The plaintiff alleged that her injuries were caused by the defendant's negligence or carelessness in that he "caused, allowed, or permitted those lawfully making use of the public road to be exposed to the dog, which he knew or should have known presented a danger to those lawfully upon the premises, such as the plaintiff"; "failed to properly restrain the dog to avoid injury to those making use of the public road"; "failed to warn the plaintiff of the presence of the unleashed dog"; "caused or allowed said dog to roam about the premises unrestrained and unmonitored, even though he knew or should have known of the danger this posed"; "failed to prevent said dog from attacking the plaintiff"; "failed to take reasonable steps so as to control the dog"; "failed to keep and maintain the premises in a reasonably safe condition"; and "failed to remove the dog from the premises, even though he knew or should have known of the danger said dog posed."

was not exercising dominion and control over Sticky and that, on that date, Sticky was not living on his property. Finally, the defendant averred that, on the date of the incident, Sticky's owner was present at the property and that, at the time of the incident, he had no knowledge of any vicious propensities of Sticky.

On August 25, 2023, the plaintiff filed an objection to the defendant's motion for summary judgment. The plaintiff also filed a memorandum of law in opposition to the motion in which she argued that genuine issues of material fact existed concerning the defendant's status as a keeper of Sticky, his knowledge of Sticky's vicious propensities, and his actions securing Sticky. In support of her objection, the plaintiff submitted the affidavits of two of the defendant's neighbors regarding dogs that they had previously observed on the defendant's property as well as excerpts from the defendant's deposition testimony. The court heard argument on the defendant's motion on March 18, 2024. On April 9, 2024, the trial court rendered its decision granting the defendant's motion for summary judgment as to both counts of the complaint. The plaintiff then filed the present appeal.

Before addressing the plaintiff's claims on appeal, we first set forth the applicable standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A party moving for summary judgment is held to a strict standard. . . . To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit

documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Herrera* v. *Meadow Hill, Inc.*, 217 Conn. App. 671, 680, 290 A.3d 377 (2023).

I

The plaintiff first claims that the court erred in finding that there was no genuine issue of material fact that the defendant was the keeper of Sticky under § 22-357.[5] We disagree.

As previously noted, § 22-357 (b) provides in relevant part: "If any dog does any damage to either the body or property of any person, the owner, keeper, or both, shall be liable for the amount of such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. . . ." General Statutes § 22-327 (6) defines "[k]eeper" as "any person, other than the owner, harboring *or* having in his possession any dog . . . ." (Emphasis added.) Section 22-357 "imposes strict liability on the . . . keeper of a dog for harm caused by the dog, with limited exceptions." (Internal quotation marks omitted.) *Houghtaling* v. *Benevides*, 217 Conn. App. 754, 761, 290 A.3d 429, cert. denied, 346 Conn. 924, 295 A.3d 418 (2023). "[T]he determination of whether the [defendant] was a keeper is a question of fact . . . ." (Citation omitted.) *Murphy* v. *Buonato*, 42 Conn. App.

[5] The plaintiff makes no claim that the defendant was the owner of Sticky.

239, 242, 679 A.2d 411 (1996), aff'd, 241 Conn. 319, 696 A.2d 320 (1997).

"To harbor a dog is to afford lodging, shelter or refuge to it." *Falby* v. *Zarembski*, 221 Conn. 14, 19, 602 A.2d 1 (1992). "[P]ossession [of a dog] cannot be fairly construed as anything short of the exercise of dominion and control similar to and in substitution for that which ordinarily would be exerted by the owner in possession. . . . [A] person will not be deemed to be a keeper of a dog under § 22-357 unless that person exercises control over the dog in a manner similar to that which would ordinarily be exerted by the owner. . . . In other words, a nonowner of a dog cannot be held strictly liable for damage done by the dog to another in the absence of evidence that the nonowner was responsible for maintaining and controlling the dog at the time the damage was done. . . . [S]uch proof generally will consist of evidence that the nonowner was feeding, giving water to, exercising, sheltering or otherwise caring for the dog when the incident occurred." (Citation omitted; internal quotation marks omitted.) *Houghtaling* v. *Benevides*, supra, 217 Conn. App. 762.

According to the plaintiff, the evidence presented in support of and in opposition to the defendant's motion for summary judgment created a genuine issue of material fact regarding the defendant's status as the keeper of Sticky. The plaintiff relies on the excerpts from the defendant's deposition, in which the defendant indicated that Sticky was frequently at his house and that, on the date in question, he let Sticky out of the house at his mother's request, securing Sticky's collar to a tether that he had installed on the deck at the side of the house. The plaintiff also relies on the affidavits of Claudette Adams and Dale Gillette, the defendant's neighbors, regarding the dogs that they had observed previously on the defendant's property. Specifically, Adams averred that, for several years prior to March, 2021, she observed that a large dog and a small dog were "always in the front yard, tied to a lead" and that both dogs were "very scary and aggressive." After this incident, Adams saw only

one dog on the property. Gillette averred that, prior to March, 2021, he observed two dogs that he believed were pit bulls on the defendant's property and that these dogs were "extremely aggressive and very scary."

According to the plaintiff, this evidence establishes that Sticky had lived on the defendant's property for years before the incident and is "indisputable evidence that the defendant harbored" Sticky. We disagree with the plaintiff that this evidence creates a genuine issue of material fact regarding whether the defendant was the keeper of Sticky, as neither affiant identified either dog as being Sticky. Moreover, neither affiant described the physical appearance of the dogs they had observed with such particularity that a finder of fact reasonably could conclude that one or both affiants had observed Sticky on the defendant's property. In fact, Adams' affidavit indicates that there was one large dog and one small dog on the property while Gillette's affidavit indicates that there were two pit bulls on the property. Gillette further averred that, although he was not certain, he believed that the owners of the property "started off having just one dog but then got more as time went on" and that he "[didn't] know exactly how many dogs they had living there at one time."

Moreover, even if one of the dogs referenced in these affidavits was Sticky, neither Adams nor Gillette identified Sticky as being on the defendant's property on the date in question. Similarly, although the defendant testified that Sticky was frequently at his house prior to the incident on March 19, 2021, this fact is not probative as to whether the defendant was the keeper of Sticky at the time of this incident. See *Houghtaling* v. *Benevides*, supra, 217 Conn. App. 762 ("a nonowner of a dog cannot be held strictly liable for damage done by the dog to another in the absence of evidence that the nonowner was responsible for maintaining and controlling the dog *at the time the damage was done*" (emphasis added; internal quotation marks omitted)).

The plaintiff further contends, however, that the defendant was the keeper of Sticky because he had exerted

control over him at the time of the attack. Specifically, the plaintiff points to the fact that the defendant physically had removed Sticky from the house and secured him to his leash prior to the incident and then retrieved Sticky after the incident. The plaintiff cites *Houghtaling* v. *Benevides*, supra, 217 Conn. App. 754, in support of her contention that the defendant was the keeper of Sticky under these circumstances. We disagree that by bringing Sticky outside and securing him to his leash, at the request of his mother who was present, and by retrieving Sticky after the incident, the defendant became the keeper of Sticky.

In *Houghtaling* v. *Benevides*, supra, 217 Conn. App. 756, the plaintiff borrowed a vehicle from the defendant in Colchester to attend a meeting in Norwich and agreed to take the defendant's dog with her in the car. Id.[6] No one else was in the car with the plaintiff and the dog, and the dog was leashed while riding in the car. Id. The plaintiff left the dog in the car while attending her meeting. Id. When the plaintiff returned to the car after her meeting, she partially opened the door, and "the dog, still leashed, jumped from the car and ran in different directions." Id. The dog's leash became wrapped around the plaintiff's legs, and she fell to the ground, sustaining injuries. Id.

The plaintiff brought an action against the defendant pursuant to § 22-357, seeking to recover for her injuries. Id., 755. The trial court granted the defendant's motion for summary judgment, concluding that the plaintiff was a keeper of the dog at the time of the incident and, therefore, was barred from recovery pursuant to § 22-357. Id., 759. On appeal, the plaintiff claimed that the court erred in concluding that there was no genuine issue of material fact that she was a keeper of the dog at the time of the incident. Id., 760–61. The plaintiff contended that, at most, she had temporary physical custody of the dog. Id., 761. This court disagreed with the plaintiff, stating, in

---

[6] Although there were two defendants in *Houghtaling* v. *Benevides*, supra, 217 Conn. App. 756, for simplicity, we refer to the singular defendant when describing the facts of that case in this opinion.

relevant part: "First, the plaintiff voluntarily agreed to take the dog with her to her . . . appointment in the car that she borrowed from [the defendant]. Second, the plaintiff had sole possession of the dog—no one else was in the car with the plaintiff and the dog. Thus, it was clear that the plaintiff was charged with the responsibility and care of the dog during the time that the plaintiff had the dog with her. Third, the plaintiff exercised control over the dog's actions from the moment that she took the dog in [the defendant's] car to the moment she was injured. Finally, the plaintiff transported the dog away from the owner, driving the dog from Colchester to Norwich; although the dog was in the owner's car, the plaintiff was in possession of both the car and the dog at a location away from the owner's property. Accordingly, we agree with the trial court that there existed no genuine issue of material fact that the plaintiff was a keeper of the dog at the time of the incident." Id., 766. In so holding, this court noted that "[t]he fact that the plaintiff may have been in charge of the dog for only the duration of the outing . . . in no way diminished her position of control over the dog at the time of the incident." Id.

The plaintiff contends that, if the actions in *Houghtaling* were sufficient to confer upon the plaintiff in that case the status of keeper, the actions of the defendant in the present case similarly establish that the defendant was the keeper of Sticky at the time of the incident. We disagree. Unlike the plaintiff in *Houghtaling*, who had sole possession of the dog at the time of the incident for which damages were sought, the evidence in the present case, viewed in the light most favorable to the plaintiff, indicates that the defendant's mother, the owner of Sticky, was present on the defendant's property at the time of the incident and had asked the defendant to let Sticky outside. In response to this request, the defendant brought Sticky outside and attached Sticky's collar to the tether. Under these circumstances, in which Sticky's actual owner, the defendant's mother, was present in the house when the defendant let Sticky outside, we cannot say that the defendant "exercise[d] control over the dog

in a manner similar to that which would ordinarily be exerted by the owner." (Internal quotation marks omitted.) Id., 762.

In addition to *Houghtaling* v. *Benevides*, supra, 217 Conn. App. 762, prior Supreme Court precedent construing the term "keeper" supports our conclusion that the defendant was not the keeper of his mother's dog because he brought the dog outside at his mother's request. In *Hancock* v. *Finch*, 126 Conn. 121, 122, 9 A.2d 811 (1939), the defendants owned three dogs that were kept in a kennel and runway behind their house. The plaintiff agreed to feed and provide water for the three dogs for five days while the defendants traveled. Id. The plaintiff was instructed "not to let the dogs out of the runway." Id. On the second day, while the plaintiff was preparing the dogs' food, he let the dogs out, and the dogs attacked and injured both the plaintiff and his wife. Id. Our Supreme Court stated that the plaintiff did not have possession of the dogs, in that he did not exert dominion and control similar to that which ordinarily would be exerted by the owner. Id., 123. The court reasoned that "[t]o subject one in the position of this plaintiff, having the temporary custody of a dog, to the heavy liability imposed by the statute would be to go far beyond its apparent object." Id.

In *Falby* v. *Zarembski*, supra, 221 Conn. 14, 16–18, our Supreme Court considered whether sufficient evidence had been presented at trial to establish that the defendant remodeling company was liable as a keeper of a dog who was owned by an employee of the remodeling company and brought to the work site by that employee. The employee had received permission from the company's president to bring the dog with him to the various sites where he would be working, and he frequently did so, allowing the dog to run loose at the sites. Id., 17. On one such occasion, the dog attacked a postal carrier delivering mail to a home at which the company was working. Id. On appeal, following the jury verdict returned in favor of the plaintiff postal carrier, our Supreme Court concluded

that there was insufficient evidence to establish that the remodeling company was the keeper of the dog under § 22-357. Id., 17, 19. In support of its conclusion, the court stated that "[t]here was no evidence that [the company] fed, watered, housed or otherwise cared for the dog" or "exercised any form of control over the actions of the dog." Id., 19.

Finally, in *Auster* v. *Norwalk United Methodist Church*, 286 Conn. 152, 154, 943 A.2d 391 (2008), the defendant church appealed following a jury verdict in favor of the plaintiff, arguing that there was insufficient evidence to support a finding that the defendant was a keeper of a dog that was owned by the defendant's employee and kept at the parish house where the employee lived. This court agreed with the defendant's claim and reversed the judgment of the trial court, concluding that the defendant was not the keeper of the dog because it "did not exercise sufficient control over the dog." Id., 157–58. Following certification, our Supreme Court affirmed the judgment of this court, noting that it was "not free to construe the term 'keeper' so broadly as to include persons authorized to exercise only limited dominion and control over a dog." Id., 163. The court further stated that "ownership of the premises where a dog lives, unaccompanied by any evidence of caretaking of the dog or actual control over its actions . . . is not enough to hold a landlord or other property owner strictly liable for damage caused by the dog. This is true whether the dog's owner is a live-in employee, a tenant or merely a friend of the landlord." (Citation omitted; footnote omitted; internal quotation marks omitted.) Id., 163–64. Because there was no evidence that the defendant church had exerted control over the dog "in a manner similar to that of an owner," the court determined that the plaintiff had failed to establish that the defendant was a keeper of the dog. Id., 164–65.

Applying the principles articulated in our appellate case law to the present case, we disagree with the plaintiff that the defendant's limited action of bringing Sticky

outside and securing him to his leash, at the request of his mother who was present on the property, established that the defendant "exercise[d] control over the dog in a manner similar to that which would ordinarily be exerted by the owner"; (internal quotation marks omitted) *Houghtaling* v. *Benevides*, supra, 217 Conn. App. 762; thereby conferring upon the defendant the status of keeper of Sticky under § 22-357. On the contrary, we conclude that the facts as presented, when viewed in the light most favorable to the plaintiff, do not establish a genuine issue of material fact that the defendant was the keeper of Sticky. The court, therefore, properly granted the defendant's motion for summary judgment as to count one of the plaintiff's complaint.

II

The plaintiff next claims that the trial court erred in holding that there was no genuine issue of material fact concerning her allegation of common-law negligence because there was evidence of Sticky's aggressive tendencies toward others and the defendant's failure to secure Sticky. According to the plaintiff, the evidence "established that there was a genuine issue of [material] fact regarding whether the defendant [had] failed to secure a known aggressive and vicious dog when putting [Sticky] outside, thus resulting in [the dog] attacking the plaintiff." We disagree.

We initially note that, in her principal appellate brief, the plaintiff contended that her allegations "concerned common-law negligence rather than a strict premises liability case . . . ." She then argued, based on principles of premises liability, that the defendant may be liable for injuries caused by a dog, even where those injuries occur off premises. In her reply brief, the plaintiff argued that, "[w]hether cast as common-law negligence . . . or as premises liability allegations, the evidence presented demonstrated that the defendant had an aggressive pit bull dog on his property, that he had undertaken to secure it, and failed to do so." We conclude that the plaintiff cannot prevail whether her complaint is construed as

alleging a claim of common-law negligence or a claim of premises liability.[7]

A

We first consider the claim as it relates to the plaintiff's allegations of common-law negligence. "In a negligence action, the plaintiff must meet all of the essential elements of the tort in order to prevail. These elements are: duty; breach of that duty; causation; and actual injury. . . . [T]he existence of a duty of care is a prerequisite to a finding of negligence . . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant [breached] that duty in the particular situation at hand. . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Internal quotation marks omitted.) *Aviles* v. *Barnhill*, 217 Conn. App. 435, 444, 289 A.3d 224 (2023).

"At common law, only an owner or keeper of a domestic animal owed a duty of reasonable care to others. . . . Simply stated, to be liable, one must have control of the animal. Under the common law of this state, it has been held that liability for injuries committed by a vicious animal is grounded in negligence. . . . It is the duty of the owner of such an animal, having knowledge of its vicious propensities, to give notice of the propensities or to restrain the animal, and that failure to do so is negligence that makes the owner liable for its consequences." (Citations omitted.) *Stokes* v. *Lyddy*, 75 Conn. App. 252, 265, 815 A.2d 263 (2003).

In *Stokes* v. *Lyddy*, supra, 75 Conn. App. 254, a dog owned by the defendants' tenant escaped the premises and attacked the plaintiff as she walked along a public sidewalk near the leased premises. The plaintiff brought an action against the defendants based on a theory of

---

[7] During oral argument on this appeal, the court asked counsel for the plaintiff if count two of the plaintiff's complaint alleged a common-law negligence claim or a premises liability claim. Counsel for the plaintiff responded that it could be construed as alleging both.

common-law negligence, alleging that the defendants had a duty to maintain their premises in a reasonably safe condition, free from defects, and to exercise reasonable diligence in correcting known defects. Id., 254–55. The plaintiff in *Stokes* contended that "the defendants had a duty to warn her of the dog's dangerous propensities and to take corrective action as necessary to prevent her from being harmed by the [tenant's] dog." Id., 255. The trial court rendered summary judgment in favor of the defendants, concluding, as a matter of law, that the defendants did not owe a duty to the plaintiff. Id., 256.

On appeal, the plaintiff in *Stokes* argued that, as a matter of public policy, the common-law duty of a keeper or owner of a dog should be extended to those who are not owners or keepers. Id., 265. After reviewing the case law of this state as well as other jurisdictions, in addition to the relevant public policy considerations related to the existence of a duty, this court declined to extend the common-law duty of care to nonowners or nonkeepers. Id., 279. As the defendant in the present case was not the owner or keeper of Sticky, we conclude, pursuant to *Stokes* v. *Lyddy*, supra, 75 Conn. App. 279, that the plaintiff cannot prevail on her claim that the defendant owed a duty of care to the plaintiff under principles of common-law negligence.

B

We next consider the plaintiff's allegations in the context of a premises liability claim. "The general rule is that a landlord has a duty reasonably to maintain property over which he exercises control. . . . That duty serves to protect entrants (invitees, licensees, trespassers) and tenants. . . . The duty does not, however, extend to uncontrolled land such as neighboring property or public lands." (Internal quotation marks omitted.) *Aviles* v. *Barnhill*, supra, 217 Conn. App. 444.[8]

[8]Although the present case does not involve the duty of a landlord, we nonetheless find the cases decided in this context to be persuasive regarding our resolution of this claim. We also note that the limitation on common-law liability to owners and keepers for dog bites "does not extend to abrogating the common-law duty of landlords to keep common

In *Stokes* v. *Lyddy*, supra, 75 Conn. App. 254, the plaintiff argued, in part, that the defendant landlord should be liable for a dog attack that occurred on a public sidewalk near leased premises because the landlord had a duty under general principles of premises liability to maintain the public property in a reasonably safe manner. Id., 259–60. This court disagreed, stating, "The plaintiff admits that the attack occurred away from the leased property. Likewise, the plaintiff fails to provide evidence that the attack occurred within any common area under the defendants' control. The plaintiff admits that the attack occurred away from the leased property, on a public sidewalk. Additionally, the plaintiff fails to provide evidence that the attack occurred within any common area under the defendants' control. Therefore, under the theory of premises liability—that a landlord has a duty to maintain property he controls in a reasonably safe manner—the defendants owed no duty to the plaintiff." Id., 261–62.

In *Giacalone* v. *Housing Authority*, 306 Conn. 399, 401, 51 A.3d 352 (2012), our Supreme Court considered "whether a landlord may be held liable, under a common-law theory of premises liability, for injuries sustained by a tenant after being bitten by a dog owned by a fellow tenant and kept on premises owned by the common landlord, when the landlord knew of the dog's dangerous propensities, but did not have direct care of, or control over, the dog." The court stated that, "[a]s a matter of well settled common law, [i]t is, of course, the duty of a landlord to use reasonable care to keep in a reasonably safe condition the parts of the premises over which he reserves control"; (internal quotation marks omitted) id., 407; and that, "[b]y the same reasoning, a landlord, in exercising the closely analogous duty to alleviate dangerous conditions in areas of a premises over which it retains control, must take reasonable steps to alleviate the dangerous condition created by the presence of a dog with known vicious tendencies in the common

areas reasonably safe, including from dangerous dogs." Giacalone v. Housing Authority, 306 Conn. 399, 409 n.4, 51 A.3d 352 (2012).

areas of the property." Id., 408. In so holding, the court noted that "a vicious dog may qualify as a dangerous condition under the traditional, common use of this term because this court has long recognized that a landlord's common-law obligation to alleviate known dangers exists independent of the specific source of that danger." Id. The court stated that "[w]hat defines the landlord's duty is the obligation to take reasonable measures to ensure that the *space* over which it exercises dominion is safe from dangers, and a landlord may incur liability by failing to do so." (Emphasis in original.) Id.

Notwithstanding this precedent, the plaintiff contends that *Giacalone* broadened the scope of a nonowner's liability for injuries caused by a dog, even when those injuries occur off premises, because, in that case, the plaintiff was injured by the dog while "'at or near'" the defendant's premises. In *Aviles* v. *Barnhill*, supra, 217 Conn. App. 435, which involved a claim of negligence against the defendant landlord arising from an off premises attack by a dog owned by one of its tenants, the plaintiffs similarly argued that "a property owner's duty under premises liability . . . does not evaporate if that harm crosses the property's boundary line." (Internal quotation marks omitted.) Id., 446–47. In *Aviles*, however, this court rejected the plaintiff's contention, stating in part: "The court [in *Giacalone*] made clear that it is the property lines, and the potential harms within them, that define a landlord's duty. Thus, contrary to the plaintiffs' . . . claim, *Giacalone* did not expand a property owner's duty beyond the property's boundary line." Id., 449. This court later acknowledged that "our appellate precedent continuously has maintained that premises liability does not extend beyond the property line within the context of off premises dog attacks." Id., 453. This authority undermines the plaintiff's argument in the present case.

The cases cited by the plaintiff in support of her contention that a landowner is liable for injuries that occur on a public highway abutting his or her property do not

involve dogs and, therefore, are readily distinguishable from the present case.[9] Similarly, we find unavailing the plaintiff's contention that §§ 290 and 324A of the Restatement (Second) of Torts support the imposition of a duty on the defendant under the circumstances of this case. The plaintiff relies on § 290 for the proposition that the defendant is charged with customary knowledge of the habits of animals such as dogs.[10] As to § 324A, the plaintiff contends that, to the extent the defendant was merely rendering a gratuitous service for the owner of the dog at the time of the attack, he was charged with exercising reasonable care to protect his undertaking.[11] The plaintiff, however, has not explained how either § 290 or § 324A imposes a duty on the defendant, the nonowner and nonkeeper of Sticky, under the circumstances of this case and in light of the case law set forth in this opinion. We, therefore, do not agree that these sections provide support for the imposition of a duty on the defendant in the present case or give us reason to depart from binding precedent.

For the reasons set forth in this opinion, whether the complaint is construed as alleging common-law

[9] See, e.g., *Smith* v. *Greenwich*, 278 Conn. 428, 431, 899 A.2d 563 (2006) (slip and fall on public sidewalk); *Cyr* v. *VKB, LLC*, 194 Conn. App. 871, 874, 222 A.3d 965 (2019) (slip and fall on public sidewalk); *Gambardella* v. *Kaoud*, 38 Conn. App. 355, 356, 660 A.2d 877 (1995) (slip and fall; alleging defect in sidewalk).

[10] Section 290 of the Restatement (Second) of Torts provides in relevant part: "For the purpose of determining whether the actor should recognize that his conduct involves a risk, he is required to know . . . the qualities and habits of human beings and animals and the qualities, characteristics and capacities of things and forces in so far as they are matters of common knowledge at the time and in the community . . . ." 2 Restatement (Second), Torts, Negligence § 290, p. 47 (1965).

[11] Section 324A of the Restatement (Second) of Torts provides: "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking." 2 Restatement (Second), Torts, Negligence § 324A, p. 142 (1965).

negligence or premises liability, the plaintiff cannot prevail on her claim that the defendant is liable for injuries that were inflicted by a dog that was not owned or kept by the defendant and that occurred on a public street. The trial court, therefore, properly rendered summary judgment on count two of the plaintiff's complaint.

The judgment is affirmed.

In this opinion the other judges concurred.